ERASTUS L. ELLSWORTH

*vs.*

WILLIAM GUNTON *et al.*, UNDER THE NAME OF THE BANK OF
WASHINGTON.

AT LAW.    DECIDED DECEMBER 11, 1850

*Suit on a Promissory Note.*

In an action against a bank on a promissory note taken for collection, the burden of proof rests with the bank to show that the notary made the proper demand on the maker of the note, either at his place of business or at his residence.

JOSEPH H. BRADLEY, Esq., for the plaintiff.

I. HELLEN, Esq., for the defendant.

The following is the note on which action was brought:

WASHINGTON, January 15th, 1845.

Sixty days after date I promise to pay M. N. Falls, or order, two hundred and fifty dollars for value received, with interest from date.    THOMAS B. ADDISON.

Endorsed by M. N. Falls and Erastus L. Ellsworth.

Declaration.

Whereupon the plaintiff, by Joseph H. Bradley, his attorney, complains that whereas, heretofore, to wit: on or about the first day of March, in the year 1845, at the county aforesaid, he being the true owner and holder of a certain promissory note, bearing date at Washington, to wit, at the county aforesaid, the 15th day of January, 1845, made by a certain Thomas B. Addison, whereby sixty days after the date thereof the said Thomas B. Addison promised to pay Moore N. Falls, by the name of M. N. Falls, or order, two hundred and fifty dollars for value received, with interest from date, and delivered the same to said Moore N. Falls, and the said Falls endorsed and delivered the same to the plaintiff before it became due and payable; and the said plaintiff being the owner and holder as aforesaid of the said note, and wishing to collect the same, and being desirous to have the payment of the

said note duly and lawfully demanded of said Addison, according to the law and the usage and custom of merchants, and in event of the failure of said Addison to pay the same on such demand being made, to have due notice of the non-payment thereof given to the said Moore N. Falls, according to law and the usage and custom aforesaid; and the said defendants being then and there engaged in the business of banking in the said city, the said plaintiff requested said defendants, in the due and ordinary course of their business, to receive the said note from said plaintiff and collect the same for the use and benefit of said plaintiff, and to demand the payment thereof from the said Addison as aforesaid, and to give notice as aforesaid to said Falls, in the event of said Addison failing to pay the same; and the said defendants in consideration thereof, and in the usual course of their said trade and business, did agree with said plaintiff to receive and collect the said note, and duly and lawfully to demand the payment thereof from said Thomas B. Addison, and on his failure to pay the same on such demand to give due notice thereof to said Moore N. Falls; and the plaintiff in fact saith that relying on the said promise and undertaking of said defendants, he did then and there to wit, on the first day of March, 1845, deliver the said note to the said defendants, and the said note was not paid at the maturity thereof.

Yet the said defendants, not regarding their said promise and undertaking, did not, nor would when the said note was and became due and payable, to wit: on the 19th day of March, 1845, at the county aforesaid, lawfully and duly demanded payment of the same of the said Thomas B. Addison, but utterly failed and neglected so to do, and did not give due notice of the non-payment thereof to the said Moore N. Falls, whereby the said plaintiff utterly lost all remedy against and demand upon the said Moore N. Falls as endorsor on said note, and the said sum of money hath not been paid to the said plaintiff to this day; to the damage of the plaintiff $500, and therefore he sued.

Joseph H. Bradley Plaintiff's Attorney.

On the 19th day of March, 1845, the note was presented at the maker's last place of business in Washington, and

demand was made there for payment, and the notary was answered, ''Mr. Addison has left this office and it cannot be paid here.''

The usual plea was made by the counsel for the defendant.

The following instructions appear to have been given to the jury in the case:

If from the whole evidence aforesaid the jury shall find that the note in the said declaration mentioned was made upon a full consideration by said Thomas B. Addison and delivered to M. N. Falls, and was endorsed by said M. N. Falls, and was the property of the plaintiff at the time it fell due, and was deposited by him with the defendants, through their agent, William Fuller, for collection, that the maker of said note resided in Georgetown, that when the same became and fell due the defendants did not present the same, neither at the place of business or abode of the maker of said note, and made no enquiry as to his place of business or abode, the plaintiff is entitled to recover, and the burden of proof to show that the notary did make such enquiry is on the defendants, and there is no evidence in this cause that he did make such enquiry.

Verdict for the plaintiff.

The following motion was made to set aside the verdict:

Because the jury have rendered a verdict for damages, with interest thereon, which defendants, by their attorney, objected to as illegal.

Motion overruled and judgment rendered on the verdict for the amount of the note, with interest, from January 15, 1845, and costs.